UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSEL GALE #420395,

        Plaintiff / Counter-Defendant,

vs.

GENERAL MOTORS CORPORATION

        Defendant / Cross
        and Counter Plaintiff

and STATE TREASURER OF MICHIGAN,

        Defendant / Cross-Defendant.
_____/

Case No. 2:06-cv-15710

Hon. Gerald E. Rosen

Magistrate Judge Pepe

Joseph Russel Gale #420395
Boyer Road Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811

Kathleen A. Gardner (P45245)
Assistant Attorney General
Attorney for Defendant State Treasurer
3030 West Grand Boulevard
Detroit, Michigan 48202
Telephone: (313) 456-0140

David M. Davis (P24006)
Attorney for Defendant GMC
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800
_____/

CROSS-CLAIM AND COUNTER-CLAIM OF DEFENDANT
GENERAL MOTORS CORPORATION FOR DECLARATORY JUDGMENT

    NOW COMES the Defendant, Cross and Counter-Plaintiff General Motors Corporation ("General Motors") by and through its Attorney David M. Davis of the law firm of Hardy, Lewis & Page, P.C., and presents the following Cross-Claim and Counter-Claim for Declaratory Judgment.

NATURE OF THE ACTION

    Defendant / Cross and Counter Plaintiff General Motors seeks a declaration that its prior and current actions in administering the General Motors Hourly-Rate Employees Pension Plan ("GM Pension Plan") did and does not constitute a violation of the Employee Retirement Income Security

Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. Based on the decision of the Michigan Supreme Court in State Treasurer v. Abbott, 468 Mich. 143, 660 N.W.2d 714 (May 14, 2003), General Motors complied with the Final Order of the Circuit Court for the 53rd Judicial Circuit Court for Cheboygan County which required monthly pension checks payable to Joseph Russel Gale to be sent to his current legal prison address. Effective January 1, 2007, based on the decision of the Sixth Circuit in DaimlerChrysler v. Cox, 447 F.3d 967 (6th Cir. 2006), General Motors suspended monthly pension benefits payable to Plaintiff Gale and other similarly situated prisoners in the State of Michigan. General Motors seeks a declaration from this Court that its past actions were lawful and seeks a further declaration consistent with the holding of the Sixth Circuit that monthly pension benefit checks should only be sent to the address as directed by the participant.

## PARTIES

1.   Defendant / Cross-Claimant General Motors is the Plan Administrator of the GM Pension Plan and a fiduciary as defined by section 3(21) of ERISA, 29 U.S.C. § 1002(21), with respect to such Plan.

2.   Defendant State Treasurer of Michigan ("State Treasurer") is an arm of the State of Michigan who asserted authority and control over pension benefits paid to Plaintiff Gale.

3.   Plaintiff Gale is a former employee of General Motors who has entitlement to receive and has been paid pension benefits under the GM Pension Plan. Plaintiff Gale is currently incarcerated in the Michigan State Correctional Facility known as the Boyer Road Correctional Facility, located in Carson City, Michigan.

## JURISDICTION

4.   This Court has jurisdiction under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) providing exclusive jurisdiction in the federal district courts for civil actions brought by a fiduciary with respect to an employee pension benefit plan. Jurisdiction is also conferred under 28 U.S.C. § 1331 (Federal Question) and under 28 U.S.C. § 2201 (Declaratory Judgment).

## VENUE

5. Venue is proper in the Federal District Court for the Eastern District of Michigan under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), providing that an action under ERISA may be brought in the district where the Plan is administered.

## GENERAL FACTUAL ALLEGATIONS

6. Plaintiff Gale, a former hourly employee of General Motors, retired and has entitlement to receive pension benefits under the GM Pension Plan. Prior to November 1, 2003, in accordance with provisions of the GM Pension Plan, pension benefits were being paid to Plaintiff Gale and monthly checks were mailed to his home address.

7. On October 20, 2003, a Final Order was entered in the Circuit Court for the 53rd Judicial Circuit Court for Cheboygan County ordering Plaintiff Gale to notify General Motors, the Administrator of the GM Pension Plan, to forward monthly pension checks payable to Plaintiff Gale to his prison address. A copy of the Final Order is attached to the Complaint as Document 1.

8. The Final Order further provided that in the event Plaintiff Gale refused to so notify General Motors of his change of address, the warden or his representative at the correctional facility where Plaintiff Gale was confined shall serve a copy of the Final Order upon General Motors along with certification of the address of the correctional facility where Joseph Gale was confined.

9. The Final Order further provided that such notification to General Motors shall serve as notification to General Motors of Plaintiff's Gale's legal address where monthly pension benefit checks should be mailed.

10. Effective November 1, 2003, General Motors complied with the Final Order and sent monthly pension checks payable to Plaintiff Gale to his prison address.

11. In so doing, General Motors relied on the decision of the Michigan Supreme Court in State Treasurer v. Abbott, *supra*. Such decision explained that ERISA's anti-alienation provision was not violated when pension payments were sent to the participant at his own address and depositing it in his own account.

12. Once monthly pension checks were sent to Plaintiff Gale at his prison address, General Motors had no further involvement regarding how these monthly benefits were ultimately distributed.

13. To the extent the State Treasurer obtained funds from Plaintiff Gale's prison account, General Motors played no part in and had no involvement in the taking of such funds.

14. Upon the commencement of the current litigation, and after reviewing the Sixth Circuit Court of Appeals' decision in DaimlerChrysler v. Cox, *supra*, effective January 1, 2007, General Motors has suspended monthly pension benefits payable to Plaintiff Gale and to similarly situated prisoners in the State of Michigan until this Court should determine how such pension benefits should be paid.

DECLARATION THAT GENERAL MOTORS' ACTIONS IN SUSPENDING BENEFITS AND REFUSING TO FORWARD SUCH CHECKS TO PLAINTIFF'S PRISON ADDRESS DOES NOT VIOLATE THE FINAL ORDER ENTERED IN THE CIRCUIT COURT FOR THE COUNTY OF CHEBOYGAN

15. Defendant / Cross Claimant General Motors repeats and realleges the allegations set forth in Paragraphs 1 through 14 of the Complaint as if fully reiterated herein.

16. Section 206(d)(1) of ERISA, 29 U.S.C. § 1056(d)(1), and section 401(a)(13) of the Internal Revenue Code, IRC, 26 U.S.C. § 401(a)(13), prohibit the alienation or assignment of pension benefits payable under an ERISA-regulated employee pension benefit plan.

17. Treasury Regulations which interpret these provisions define the terms "assignment" and "alienation" as including any direct or indirect arrangement whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan in, or to, all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary. 26 C.F.R. 1.401(a)-13(c)(1).

18. The decision in DaimlerChrysler v. Cox, 447 F.3d 967 (6th Cir. 2006) held that state court orders similar to the Final Order entered on October 20, 2003, in the Circuit Court for the 53rd Judicial Circuit Court for Cheboygan County (Document 1 to the Complaint) ordering Plaintiff Gale to notify General Motors, the Administrator of the GM Pension Plan, to forward monthly pension

checks payable to Plaintiff Gale to his prison address are preempted by ERISA's anti-alienation provision.

19.     As a result of the DaimlerChrysler decision and this present action, General Motors has suspended pension benefits payable to Plaintiff Gale as well as other similarly situated prisoners.

20.     General Motors seeks a declaration from this Court that it should pay pension benefits that have been suspended as well as future pension benefits to Plaintiff Gale at the address that he directs and is not to honor or give credence to the Final Order entered in the Circuit Court for Cheboygan County.

21.     General Motors further seeks a declaration from this Court that it was entitled to rely upon the decision of the Michigan Supreme Court in State Treasurer v. Abbott, 468 Mich. 143, 660 N.W.2d 714 (May 14, 2003), and has no liability for honoring the Final Order entered in the Circuit Court for Cheboygan County prior to suspending pension benefits.

WHEREFORE, Defendant / Cross and Counter Plaintiff General Motors Corporation respectfully requests that this Court declare that, prior to the time monthly pension benefits were suspended, the forwarding of monthly pension benefit checks payable to Plaintiff Gale and to similarly situated prisoners in the State of Michigan to their prison addresses in compliance with the Final Order entered in the Circuit Court for the County of Cheboygan and similar Final Orders entered in State Circuit Courts was lawful and that General Motors has no liability for such described action, considering that the Michigan Supreme Court had so held in its decision in State Treasurer v. Abbott, *supra*.

WHEREFORE, Defendant / Cross and Counter Plaintiff General Motors Corporation further requests that this Court declare that suspended monthly pension benefits and future monthly pension benefits be paid to Plaintiff Gale at the address that he directs and to similarly situated prisoners in

the State of Michigan at the addresses that they direct, and that General Motors is not to honor or give credence to the Final Order entered in the Circuit Court for Cheboygan County or to similar final orders entered in Circuit Courts in the State of Michigan.

Respectfully submitted,

s/ David M. Davis
David M. Davis
Attorney for Defendant / Cross and
Counter-Plaintiff General Motors
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009

Date: January 31, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Joseph Russel Gale #420395, Boyer Road Correctional Facility, 10274 Boyer Road, Carson City, Michigan 48811, and Kathleen A. Gardner, Assistant Attorney General, Attorney for Defendant State Treasurer, 3030 West Grand Boulevard, Detroit, Michigan 48202. In addition, Defendant certifies that it also has mailed a copy of the attached pleading to Attorney Joseph Russsel Gale and Kathleen A. Gardner.

s/ David M. Davis
Attorney for Defendant / Cross and
Counter-Plaintiff General Motors
Hardy, Lewis & Page, P.C.
401 South Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 645-0800
E-Mail: dmd@hardylewis.com
P24006

Dated: January 31, 2007
00195932.WPD