UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSEL GALE #420395,

                  Plaintiff / Counter-Defendant,

vs.

GENERAL MOTORS CORPORATION

                  Defendant / Cross
                  and Counter Plaintiff

and STATE TREASURER OF MICHIGAN,

                  Defendant / Cross-Defendant.

Case No. 2:06-cv-15710

Hon. Gerald E. Rosen

Magistrate Judge Pepe

_____/

Joseph Russel Gale #420395
In Pro Per
Boyer Road Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811

Kathleen A. Gardiner (P45245)
Assistant Attorney General
Attorney for Defendant State Treasurer
3030 West Grand Boulevard
Detroit, Michigan 48202
Telephone: (313) 456-0140

David M. Davis (P24006)
Attorney for Defendant GMC
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

_____/

DEFENDANT GENERAL MOTORS CORPORATION'S
MOTION FOR DECLARATORY JUDGMENT

David M. Davis
Attorney for General Motors
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSEL GALE #420395,

                Plaintiff / Counter-Defendant,

vs.

                Case No. 2:06-cv-15710

GENERAL MOTORS CORPORATION

                Hon. Gerald E. Rosen

                Magistrate Judge Pepe

             Defendant / Cross
             and Counter Plaintiff

and STATE TREASURER OF MICHIGAN,

                Defendant / Cross-Defendant.

_____/

## DEFENDANT GENERAL MOTORS CORPORATION'S
## MOTION FOR DECLARATORY JUDGMENT

      NOW COMES the Defendant / Cross and Counter Plaintiff General Motors Corporation and files its Motion for Declaratory Judgment in the above action. In support of its Motion Defendant General Motors states as follows:

      1.      Plaintiff Joseph Gale is a former General Motors employee who retired under the General Motors Hourly-Rate Employees Pension Plan ("GM Pension") Plan with benefits commencing October 1, 1981. At the time Plaintiff's retirement commenced, monthly pension checks were made payable to Plaintiff and were sent to his home address.

      2.      On October 20, 2003, a Final Order was entered in the Circuit Court for the County of Cheboygan in the case entitled State Treasurer v. Joseph Russell Gale #420395, Case No. 03-7186 CZ (2003). The Final Order provided notice to General Motors that Plaintiff's monthly pension checks were to be forwarded to his prison address.

      3.      On October 20, 2003, General Motors received notice of the Final Order from the Warden/Litigation Coordinator at the Boyer Road Correctional Facility. The notice advised General Motors that Plaintiff's legal address was the Boyer Road Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

4.      Although General Motors had concerns that compliance with the notice and the Final Order might constitute an alienation or assignment of benefits not permitted under section 206(d)(1) of the Employee Retirement Income Security Act of 1974, as amended, ERISA, 29 U.S.C. § 1056(d)(1), after reviewing the decision of the Michigan Supreme Court in State Treasurer v. Abbott, 468 Mich. 143, 660 N.W.2d 714 (2003), it concluded that forwarding monthly pension checks payable to the Participant Joseph Russel Gale at his prison address would not constitute such a violation.

5.      Based on the State Treasurer v. Abbott decision, General Motors commenced forwarding Plaintiff's monthly pension checks to his prison address. Checks payable for months commencing January 1, 2005, through December, 2006 were forwarded to the prison. Thereafter, commencing January 1, 2007, Plaintiff's monthly pension checks have been held in suspense.

6.      On May 23, 2006, the Sixth Circuit issued its decision in DaimlerChrysler v. Cox, 447 F.3d 967 (2006). The DaimlerChrysler case considered circumstances identical to those herein and those considered by the Michigan Supreme Court in State Treasurer v. Abbott. The Sixth Circuit held that orders and notices issued under the State Correctional Facility Reimbursement Act ("SCFRA") are prempted by ERISA, and that forwarding monthly pension checks to the participant's prison address over his objection constituted a violation of ERISA's anti-alienation provision.

7.      On October 12, 2006, based on the DaimlerChrysler decision, Plaintiff Gale filed his Motion for Relief of Judgment in the Cheboygan County Circuit Court. On November 9, 2006, the Circuit Court denied Plaintiff's Motion for Relief of Judgment.

8.      Due to the conflict between the Sixth Circuit and the Michigan Supreme Court and the refusal of the Circuit Court for Cheboygan County to set aside its prior Final Order, General Motors suspended monthly pension benefits payable to Plaintiff Joseph Gale and now seeks this Court's declaration that (1) it has no liability to Plaintiff based on its prior action in forwarding monthly pension benefit checks payable to Plaintiff to his prison address, and (2) that monthly

benefits payable commencing January 1, 2007, should be forwarded to the address designated by Plaintiff or held in suspense based upon his direction.

WHEREFORE Defendant / Cross and Counter Plaintiff General Motors Corporation seeks a declaration from this Court that (1) it has no liability to Plaintiff based on its prior action in forwarding monthly pension benefit checks payable to Plaintiff to his prison address, and (2) that monthly benefits payable commencing January 1, 2007, should be forwarded to the address designated by Plaintiff or held in suspense based upon his direction.

Respectfully submitted,

s/David M. Davis
Attorney for Defendant GMC
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0800
dmd@hardylewis.com
P24006

Date:  February 7, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSEL GALE #420395,

                    Plaintiff / Counter-Defendant,

vs.

                                            Case No. 2:06-cv-15710

GENERAL MOTORS CORPORATION

                                            Hon. Gerald E. Rosen

                    Defendant / Cross
                    and Counter Plaintiff           Magistrate Judge Pepe

and STATE TREASURER OF MICHIGAN,

                    Defendant / Cross-Defendant.

_____/

Joseph Russel Gale #420395
In Pro Per
Boyer Road Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811

Kathleen A. Gardiner (P45245)
Assistant Attorney General
Attorney for Defendant State Treasurer
3030 West Grand Boulevard
Detroit, Michigan 48202
Telephone: (313) 456-0140

David M. Davis (P24006)
Attorney for Defendant GMC
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

_____/

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GENERAL MOTORS CORPORATION'S
MOTION FOR DECLARATORY JUDGMENT

                                        David M. Davis
                                        Attorney for General Motors
                                        Hardy, Lewis & Page, P.C.
                                        401 South Old Woodward Avenue
                                        Suite 400
                                        Birmingham, Michigan 48009

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................... ii

INTRODUCTION .......................................................... 1

STATEMENT OF FACTS ................................................... 2

LEGAL ARGUMENT ...................................................... 5

    I.      Declaratory Judgment is Appropriate in these Circumstances Where There is
an Actual Case or Controversy and Where Declaratory Judgment Would
Serve a Useful Purpose in Clarifying Legal Issues ........................ 5

    II.     The Sixth Circuit Decision in DaimlerChrylser v. Cox Has No Retroactive
Application to Plaintiff's Circumstances ................................ 7

    III.    Any Claim that Plaintiff May Have Against General Motors Corporation is
Barred by the Rocker Feldman Doctrine ................................ 9

CONCLUSION .......................................................... 14

CERTIFICATE OF SERVICE ............................................... 15

INDEX OF AUTHORITIES

Legal Decisions

Abbott et al. v. Michigan, 2006 W.L. 250255 (E.D.Mich. 2006) (copy attached),
affirmed No. 06-1434, 2007 WL 135953 (6th Cir. 2007) .............................. 10

Amsouth Bank v. Dale,
386 F.3d 763 (6th Cir. 2004) ..................................................... 5, 6

Anderson v. Charter Township of Ypsilanti,
266 F.3d 487 (6th Cir. 2001) .................................................. 11, 12

Bendix Autolite Corp. V. Midwesco Enterprises, Inc.,
486 U.S. 888, 108 S.Ct. 2218 (1988) ................................................ 7

Chevron Oil Co. V. Huson,
404 U.S. 97, 92 S.Ct. 349 (1971) .................................................. 7

DaimlerChrysler v. Cox,
447 F.3d 967 (2006) ....................................................... 4, 6, 8, 10

Deja Vu of Nashville, Inc. v. Metropolitan Government of
Nashville and Davidson County, 421 F.3d 417 (6th Cir. 2005) ........................ 7

District of Columbia Court of Appeals v. Feldman,
460 U.S. 462, 103 S.Ct. 1303 (1983) ............................................... 9

DLX, Inc. v. Kentucky,
381 F.3d 511 (2004 6th Cir. 2004) ............................................. 10, 11

Griffith v. Kentucky, 479 U.S. 314,
107 S.Ct. 708 (1987) .............................................................. 7

Harper v. Virginia Department of Taxation,
509 U.S. 86, 113 S.Ct. 2510 (1993) ................................................ 7

Hatchett v. United States,
330 F.3d 875 (6th Cir. 2003) ...................................................... 8

In Re: Federated Department Stores,
226 B.R. 191, 33 Bankr.Ct.Dec. 345 (S.D.Ohio 1998) .............................. 12

Johnson v. De Grandy, 512 U.S. 997,
114 S.Ct. 2647 (1994) ............................................................. 9

Penzoil Co. v. Texaco, Inc.,
481 U.S. 1, 107 S.Ct. 1519 (1987) ................................................ 12

Reynoldsville Casket Co. V. Hyde,
514 U.S. 749, 115 S.Ct. 1745 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ries v. Murray,
2002 WL 31938722 (E.D.Mich. 2002) (copy attached) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Rooker v. Fidelity Trust Co.,
263 U.S. 413, 44 S.Ct. 149 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Scottsdale Ins. Co. v. Roumph,
211 F.3d 964 (6th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

State Treasurer v. Abbott,
468 Mich. 143, 660 N.W.2d 714 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6

State Treasurer v. Joseph Russell Gale #420395,
Case No. 03-7186 CZ (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Toms v. Taft,
338 F.3d 519 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Craft, 535 U.S. 274,
122 S.Ct. 1414 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Owens, 54 F.3d 271, 274 (6th Cir.1995),
cert. dismissed, 516 U.S. 983, 116 S.Ct. 492 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Walters v. Cox,
342 F.Supp.2d 670 (E.D.Mich. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Wilton v. Seven Falls Co.,
515 U.S. 277, 115 S.Ct. 2137 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


Statutory Authority

28 U.S.C. § 1257(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ERISA, § 206(d)(1), 29 U.S.C. § 1056(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


Other Authority

Wright, Miller & Cooper, Federal Practice and Procedure:
Jurisdiction § 4469 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSEL GALE #420395,

                    Plaintiff / Counter-Defendant,

vs.                                                            Case No. 2:06-cv-15710

GENERAL MOTORS CORPORATION                    Hon. Gerald E. Rosen

                    Defendant / Cross                          Magistrate Judge Pepe
                    and Counter Plaintiff

and STATE TREASURER OF MICHIGAN,

                    Defendant / Cross-Defendant.

_____/

Joseph Russel Gale #420395                     Kathleen A. Gardiner (P45245)
Boyer Road Correctional Facility               Assistant Attorney General
10274 Boyer Road                               Attorney for Defendant State Treasurer
Carson City, Michigan 48811                    3030 West Grand Boulevard
                                               Detroit, Michigan 48202
                                               Telephone: (313) 456-0140

                                               David M. Davis (P24006)
                                               Attorney for General Motors
                                               Hardy, Lewis & Page, P.C.
                                               401 South Old Woodward Avenue
                                               Suite 400
                                               Birmingham, Michigan 48009
                                               Telephone: (248) 645-0800

_____/

DEFENDANT / CROSS AND COUNTER PLAINTIFF GENERAL MOTORS'
RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

INTRODUCTION

        Plaintiff commenced this action on December 26, 2006, by filing his Complaint in this Federal

District Court. At the same time, Plaintiff filed a Motion for Declaratory Judgment and a Request for

Preliminary Injunction.

        On January 31, 2007, Defendant General Motors filed its Answer to the Complaint and its

Counterclaim and Crossclaim. By General Motors' Counterclaim and Cross Claim for Declaratory

Judgment, it seeks confirmation from this Court that it has no liability for forwarding Plaintiff's monthly pension benefits during the period from January 1, 2005, through December 31, 2006, totaling $24,646.50[1] to his prison address. General Motors seeks a further declaration that monthly benefits payable commencing January 1, 2007, should be sent to the address designated by the Plaintiff.

STATEMENT OF FACTS

Plaintiff Joseph Gale is a former General Motors employee who retired under the General Motors Hourly-Rate Employees Pension Plan ("GM Pension") Plan with benefits commencing October 1, 1981. At the time Plaintiff's retirement commenced, monthly pension checks were made payable to Plaintiff and were sent to his home address.

On October 20, 2003, a Final Order was entered in the Circuit Court for the County of Cheboygan in the case entitled State Treasurer v. Joseph Russell Gale #420395, Case No. 03-7186 CZ (2003). A copy of this Final Order is attached as Exhibit A. The Final Order provided notice to General Motors that Plaintiff's monthly pension checks were to be forwarded to his prison address:

> 1. The Defendant Joseph Russell Gale, is incarcerated in a State of Michigan correctional facility, and during the period of incarceration, his legal address is the Michigan correctional facility in which he is confined, currently at 8585 N. Croswell Road, St. Louis, MI 48880. Therefore, Joseph Russell Gale is ordered to notify the General Motors Corporation, within one week of being served with a copy of this Order, that all pension benefits shall be mailed by check made payable to Joseph Russell Gale at the St. Louis correctional facility, 8585 N. Croswell Road, St. Louis, MI 48880, and within one week of any transfer to a different facility, Joseph Russell Gale shall notify General Motors Corporation of his new prison address.
>
> 2. If the Defendant, Joseph Russell Gale, shall fail or refuse to notify General Motors Corporation of his current legal prison address, or upon transfer to a new facility, of any future prison address, the warden or his representative of the correctional facility where Joseph Russell Gale is confined shall serve a copy of this Order, along with certification of the address of the correctional facility where Joseph Russell Gale is confined, upon the General Motors Corporation, and this shall serve as notification to General Motors Corporation of Joseph Russell Gale's legal address where Joseph Russell Gale is to receive his pension benefits by check made payable to Joseph Russell Gale and mailed to the prison address.

---

[1]   This amount included a Christmas bonus check in the amount of $800 payable from corporation assets and a tax refund check of $50.00.

Exhibit A, page 2.

On October 20, 2003, General Motors received notice of the Final Order from the Warden/Litigation Coordinator at the Boyer Road Correctional Facility. The notice advised General Motors that Plaintiff's legal address was the Boyer Road Correctional Facility, 10274 Boyer Road, Carson City, MI 48811. A copy of the Notice to General Motors is attached as Exhibit B.

Although General Motors had concerns that compliance with the notice and the Final Order might constitute an alienation or assignment of benefits not permitted under section 206(d)(1) of the Employee Retirement Income Security Act of 1974, as amended, ERISA, 29 U.S.C. § 1056(d)(1), after reviewing the decision of the Michigan Supreme Court in State Treasurer v. Abbott, 468 Mich. 143, 660 N.W.2d 714 (2003), it concluded that forwarding monthly pension checks payable to the Participant Joseph Russel Gale at his prison address would not constitute such a violation.

The Court in State Treasurer v. Abbott, *supra*, considered the exact circumstances herein and explained that merely forwarding monthly pension checks to the prison address does not violate ERISA:

> ERISA does not define the terms "alienate" and "assign." Because the federal statute is silent on the question presented, we defer to a federal agency's definition. *Chevron, supra*. The Treasury Department has defined the term "assignment" as "[a]ny direct or indirect arrangement (whether revocable or irrevocable) whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan in, or to, all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary." 26 CFR 1.401(a)-13(c)(1). This definition plainly contemplates a transfer of the interest to *another person, i.e., a person other than the beneficiary himself.* Sending a pension payment to a beneficiary *at his own address,* and *depositing it in his own account,* does not assign that payment. Neither the warden nor any other third person acquires a right or interest enforceable against the plan when the pension proceeds are sent to defendant at his current address.
>
> A property interest is assigned or alienated when it has been transferred *to another person.* The trial court here did not order defendant to have his pension proceeds sent to *another person's* address. On the contrary, the court ordered defendant to receive the benefits *at his own address.* Moreover, the deposit of the funds into defendant's prison account did not transfer any legal title to, or interest in, the funds to another person. The warden's access to defendant's account does not alter the fact that the account is in defendant's name. Legal title was not conveyed to the warden or to any other person when the funds were deposited in defendant's account.

468 Mich. At 149-151; 660 N.W.2d at 718-719 (footnote omitted).

- 3 -

Based on the <u>State Treasurer v. Abbott</u> decision, General Motors commenced forwarding Plaintiff's monthly pension checks to his prison address. Checks payable for months commencing January 1, 2005, through December, 2006 were forwarded to the prison. Thereafter, commencing January 1, 2007, Plaintiff's monthly pension checks have been held in suspense.

On May 23, 2006, the Sixth Circuit issued its decision in <u>DaimlerChrysler v. Cox</u>, 447 F.3d 967 (2006). The <u>DaimlerChrysler</u> case considered circumstances identical to those herein and those considered by the Michigan Supreme Court in <u>State Treasurer v. Abbott</u>. In holding that orders and notices issued under the State Correctional Facility Reimbursement Act ("SCFRA") are prempted by ERISA, the Court explained:

> We acknowledge that the Michigan Supreme Court addressed notices and orders under SCFRA that were similar to the notices and orders at issue here in *State Treasurer v. Abbott,* 468 Mich. 143, 660 N.W.2d 714, 719 (2003), and that the Michigan Supreme Court reached the opposite conclusion. The Court held that because money had not been transferred from the pension plan at issue to "another person" instead of to the prisoner, no alienation had occurred. Because the prisoners had received their benefit payments at their own institutional addresses, and because these benefits were not attached until they were paid to the prisoners, the Michigan Supreme Court held that there was no alienation. *Id.*

> We find the *Abbott* opinion unpersuasive. Contrary to the reasoning of the Michigan Supreme Court, the fact that the prisoners have received their benefit payments at their "own" addresses is irrelevant to the question of alienation because (1) the prisoners did not want to receive the payments at their institutional addresses, (2) Michigan law strictly controls a prisoner's bank account and how the funds may be used, and (3) the state already effectively owned 90% of the payments even before they were received. The fact that the payments were sent to the prisoner's institutional address is therefore a mere formalism that is not dispositive of whether an alienation has occurred in the present case.

447 F.3d at 975-976

On October 12, 2006, based on the <u>DaimlerChrysler</u> decision, Plaintiff Gale filed his Motion for Relief of Judgment in the Cheboygan County Circuit Court, copy attached as Exhibit C. On November 9, 2006, the Circuit Court denied Plaintiff's Motion for Relief of Judgment, copy attached as Exhibit D:

> Defendant has brought a motion pursuant to MCR 2.612(C)(1)(a). This Court Rule provides that an individual may be entitled to relief from a final judgment on the grounds that the prior judgment on which it is based is reversed or vacated. Defendant's motion is that there is a "new decision rendered in the case of *Daimler-Chrysler v. Cox,* 447 F.3d 967 (6th Cir. 2006) which prohibits the very conduct on which this court's order is based."

The Defendant is not entitled to a grant of relief based upon his present motion. The decision in the *Daimler-Chrysler v. Cox* case is not a reversal of the prior judgment on which the final judgment is based.

Exhibit D.

Due to the conflict between the Sixth Circuit and the Michigan Supreme Court and the refusal of the Circuit Court for Cheboygan County to set aside its prior Final Order, General Motors suspended monthly pension benefits payable to Plaintiff Joseph Gale and now seeks this Court's declaration that (1) it has no liability to Plaintiff based on its prior action in forwarding monthly pension benefit checks payable to Plaintiff to his prison address, and (2) that monthly benefits payable commencing January 1, 2007, should be forwarded to the address designated by Plaintiff or held in suspense based upon his direction.

LEGAL ARGUMENT

I.      Declaratory Judgment is Appropriate in these Circumstances Where There is an Actual Case or Controversy and Where Declaratory Judgment Would Serve a Useful Purpose in Clarifying Legal Issues

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interest party seeking such declaration." 28 U.S.C. § 2201(a). The Declaratory Judgment Act is " 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.' " Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S.Ct. 2137 (1995). In Amsouth Bank v. Dale, 386 F.3d 763 (6th Cir. 2004), the Court, citing its prior decision in Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 967 (6th Cir. 2000), listed the factors to be considered to determine whether a federal district court should exercise jurisdiction:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;  and

(5) whether there is an alternative remedy that is better or more effective.

386 F.3d at 785. Application of these factors results in the conclusion that this Court should exercise its jurisdiction and entertain Defendant General Motors' Motion for Declaratory Judgment.

A declaratory judgment in this case would settle the pending controversy wherein the Plaintiff Gale is seeking recovery of past pension benefits that were forwarded to the State Treasurer pursuant to the Final Order of the Circuit Court for Cheboygan County and seeking to have further pension benefits paid at his direction and not to his prison address.

Considering the second factor, a declaratory judgment would provide General Motors Corporation, as administrator of the GM Pension Plan, guidance in paying pension benefits. Such guidance is necessary in view of the conflicting decisions of the Michigan Supreme Court and the Federal Sixth Circuit Court of Appeals.

Considering the third factor, this Motion for Declaratory Judgment is not being filed merely for the purpose of procedural fencing or for a race for *res judicata*. At this point, Plaintiff Gale has no other pending action. His prior state court action is completed. General Motors, in administering its employee pension benefit plan regulated by federal law, namely ERISA, is entitled to a ruling from the federal courts that it has no liability for honoring the prior Final Order of the Cheboygan Circuit Court, especially when the procedure set forth therein has been upheld by the Michigan Supreme Court. Further, Defendant General Motors is entitled to clarification regarding how future pension benefits should be administered in these circumstances.

With regard to the fourth factor, currently there appears to be friction between the decision of the Michigan Supreme Court in State Treasurer v. Abbott, 468 Mich. 143, 660 N.W.2d 714 (2003), and the Sixth Circuit decision in Daimler-Chrysler v. Cox, 447 F.3d 967 (6th Cir. 2006). Nevertheless, any determination from this Federal Court would not increase friction, but would provide the needed guidance to pension plan administrators in Michigan. Lastly, with regard to the last factor, there is no alternative remedy that would be more effective.

- 6 -

II.     The Sixth Circuit Decision in <u>DaimlerChrylser v. Cox</u> Has No Retroactive Application to Plaintiff's Circumstances

Any decision decided after Plaintiff's case in the Circuit Court for Cheboygan County was closed by issuance of the Final Order on October 20, 2003, which resulted in a change in the law has no effect on the closed case. In <u>Harper v. Virginia Department of Taxation</u>, 509 U.S. 86, 113 S.Ct. 2510 (1993), the Court considered its various prior decisions addressing the retrospective application of a subsequent civil decision. In so doing, the Court overruled application of the rationale in <u>Chevron Oil Co. V. Huson</u>, 404 U.S. 97, 92 S.Ct. 349 (1971), to civil cases.[2] Thus in <u>Harper</u>, the Court explained:

> *Beam* [*v. Georgia*, 501 U.S. 529, 111 S.Ct. 2439 (1991)] controls this case, and we accordingly adopt a rule that fairly reflects the position of a majority of Justices in *Beam:* <u>When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.</u>   This rule extends *Griffith*'s ban against "selective application of new rules." 479 U.S., at 323, 107 S.Ct., at 713.   Mindful of the "basic norms of constitutional adjudication" that animated our view of retroactivity in the criminal context, *id.,* at 322, 107 S.Ct., at 712, we now prohibit the erection of selective temporal barriers to the application of federal law in noncriminal cases.   In both civil and criminal cases, we can scarcely permit "the substantive law [to] shift and spring" according to "the particular equities of [individual parties'] claims" of actual reliance on an old rule and of harm from a retroactive application of the new rule. *Beam, supra,* 501 U.S., at 543, 111 S.Ct., at 2447 (opinion of SOUTER, J.).   Our approach to retroactivity heeds the admonition that "[t]he Court has no more constitutional authority in civil cases than in criminal cases to disregard current law or to treat similarly situated litigants differently." *American Trucking, supra,* 496 U.S., at 214, 110 S.Ct., at 2350 (STEVENS, J., dissenting).

509 U.S. at 97, 113 S.Ct. at 2517 (emphasis added). <u>See also</u> <u>Reynoldsville Casket Co. V. Hyde</u>, 514 U.S. 749, 115 S.Ct. 1745 (1995) (the Court reaffirmed its holding in <u>Harper</u>, applying its holding  in <u>Bendix Autolite Corp. V. Midwesco Enterprises, Inc.</u>, 486 U.S. 888, 108 S.Ct. 2218 (1988), to a pending case in Ohio).

In <u>Deja Vu of Nashville, Inc. v. Metropolitan Government of Nashville and Davidson County</u>, 421 F.3d 417 (6th Cir. 2005), the Court, citing <u>Harper</u>, confirmed that new decisions must be given

---

[2]     Previously in <u>Griffith v. Kentucky</u>, 479 U.S. 314, 107 S.Ct. 708 (1987), the Court had eliminated limits on retroactivity in the criminal context by holding that newly declared rules must be retroactively applied to all criminal cases pending on review.

retrospective application only to all cases still open on direct review. The Court explained the interpretation of the phrase "still open on direct review:"

> But because *Harper* is limited to cases "still open on direct review," it is important to understand just what is meant by that language.  In that respect the Supreme Court has long recognized a distinction between cases "on direct review" and those involving collateral attack on a final judgment (*see, e.g., Bradley v. Sch. Bd. of the City of Richmond,* 416 U.S. 696, 710-11, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)).  <u>As to the latter category, judgments become final when "the availability of appeal has been exhausted and lapsed, and the time to petition for certiorari has passed" (*id.* at 711 n. 14, 94 S.Ct. 2006).</u>  Under that standard the December 1999 entry of a permanent injunction against the enforcement of Chapter 6.54 certainly qualified as a final judgment:  It was affirmed by this court, and the Supreme Court then denied certiorari.

421 F.3d at 421 (emphasis added). <u>See also</u> <u>Toms v. Taft</u>, 338 F.3d 519, 529-520 (6th Cir. 2003) (<u>citing</u> <u>Harper</u> at 509 U.S. 86, 97: "When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.")

In <u>Hatchett v. United States</u>, 330 F.3d 875 (6th Cir. 2003), the Court applied the holding in <u>United States v. Craft</u>, 535 U.S. 274, 122 S.Ct. 1414 (2002), to the <u>pending appeal</u> in <u>Hatchett</u> and explained that retroactivity could only be applied to pending cases:

> The Supreme Court detailed the process for consideration of retroactivity in *Reynoldsville Casket Co. v. Hyde,* 514 U.S. 749, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995), stating that: [W]hen (1) the Court decides a case and applies the (new) legal rule of that case to the parties before it, then (2) it and other courts must treat that same (new) legal rule as "retroactive," applying it, for example, <u>to all pending cases</u>, whether or not those cases involve predecision events.
> 514 U.S. at 752, 115 S.Ct. 1745.

330 F.3d at 883 (emphasis added).

Plaintiff Gale's case in the Circuit Court for the County of Cheboygan is not a pending case. The Final Order was entered on October 20, 2003. Plaintiff did not pursue an appeal to the Michigan Court of Appeals or to any other appellate court. Thus, the holding in <u>DaimlerChrysler v. Cox</u> in 2006 has no retrospective application to Plaintiff herein.

- 8 -

In summary, Plaintiff cannot have any claim against General Motors Corporation for following Michigan Supreme Court precedent prior to the decision in DaimlerChrysler.

III.    Any Claim that Plaintiff May Have Against General Motors Corporation is Barred by the Rocker Feldman Doctrine

Plaintiff, in filing his Motion for Relief of Judgment Pursuant to MCR 2.612(C)(1)(a), sought relief from the Circuit Court for the County of Cheboygan from its Final Order entered on October 20, 2003, based on the holding in DaimlerChrysler v. Cox, *supra*. The Circuit Court denied such relief by its Opinion and Order of November 9, 2006. This action filed in the Federal Court by the Plaintiff is no more than a collateral attack of the Cheboygan County Circuit Court decision. The Rooker-Feldman doctrine precludes this collateral attack.

That doctrine, rooted in two United States Supreme Court decisions, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983), is a combination of abstention and *res judicata* doctrines, and stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. See United States v. Owens, 54 F.3d 271, 274 (6th Cir.1995), *cert. dismissed,* 516 U.S. 983, 116 S.Ct. 492 (1995);   see also Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4469.

As a rule, the lower federal courts do not have the authority to review state court decisions, even where a federal question is presented.  Federal appellate review of state court decisions can be obtained only in the United States Supreme Court.  See Feldman, 460 U.S. at 476, 103 S.Ct. at 1303; see also 28 U.S.C. § 1257(a) ("Final judgments ... rendered by the highest court of a State ... may be reviewed by the Supreme Court...."). The Rooker-Feldman doctrine, in essence, bars "a party losing in state court ... from seeking what ... would be appellate review of the state judgment in a United States district court." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647 (1994).

Under the Rooker-Feldman doctrine, impermissible appellate review by a lower federal court of a state court determination occurs where the relief sought in federal court is "inextricably

intertwined" with a state court judgment. A federal claim is considered "inextricably intertwined" with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is apparent that the federal proceeding is nothing more than a prohibited appeal of the state court decision. In this case, the Plaintiff Gale, unhappy with the decision of the Circuit Court for the County of Cheboygan and with the Michigan Supreme Court decision in DaimlerChrysler v. Abbott, *supra*, seeks to convince this Court that the state court decisions are erroneous. Thus, the Debtor is pursuing in this Court an appeal from the state determination, an action precisely prohibited under the Rooker-Feldman doctrine.

This same approach was taken by Thomas Abbott, a retiree / prisoner entitled to receive pension benefits under the GM Pension Plan. After the Michigan Supreme Court rejected his contention that mailing his pension check to his prison address violated the anti-alienation provision of ERISA, he commenced suit in the federal district court. This Court in Abbott et al. v. Michigan, 2006 W.L. 250255 (E.D.Mich. 2006) (copy attached) affirmed No. 06-1434, 2007 WL 135953 (6th Cir. 2007) dismissed plaintiffs' claims holding that such claims were precluded by the Rooker-Feldman Doctrine and by *res judicata*. The Sixth Circuit affirmed:

> The plaintiffs' claims of particular injuries that they have suffered arise as a direct result of prior state-court judgments. Accordingly, the *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over their challenges to SCFRA seeking to overturn the state-court judgments. As explained above, however, the *Rooker-Feldman* doctrine does not prevent lower federal courts from exercising jurisdiction over their general challenge to the validity of SCFRA.

Slip Opinion, page 7.

> All of the claims raised by the plaintiffs in this case could have been or were litigated in prior state-court proceedings between the same parties. The plaintiffs have not provided any evidence that they did not have a full and fair opportunity to litigate their claims in state court. Accordingly, the doctrine of claim preclusion bars this action.

Slip opinion, page 8. The same rationale applies to Plaintiff Gale's claims herein.

In DLX, Inc. v. Kentucky, 381 F.3d 511 (2004 6th Cir. 2004), the Court explained the application of the Rooker-Feldman Doctrine:

- 10 -

The *Rooker-Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), stands for the proposition that a party aggrieved by a state-court decision cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court. This circuit has devised a number of formulae for determining when a district court lacks jurisdiction under the *Rooker-Feldman* doctrine; broken down to essentials, there are two categories of cases barred by the doctrine. First, when the federal courts are asked to "engage in appellate review of state court proceedings," the doctrine necessarily applies. *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir.2002). In determining when a plaintiff asks for appellate review, we have in the past looked to the relief sought, *see Dubuc v. Mich. Bd. of Law Exam'rs,* 342 F.3d 610, 618-19 (6th Cir.2003), or asked the question whether the plaintiff alleges "that the state court's judgment actively caused him injury [rather than] that the judgment merely failed to redress a preexisting injury," *Pieper v. Am. Arbitration Ass'n, Inc.,* 336 F.3d 458, 461 n. 1 (6th Cir.2003). *See also Hutcherson v. Lauderdale County,* 326 F.3d 747, 755 (6th Cir.2003) (" '[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.' ") (quoting *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir.1996)); *Tropf v. Fid. Nat'l Title Ins. Co.,* 289 F.3d 929, 937 (6th Cir.2002) (The doctrine "precludes federal court jurisdiction where the claim is a specific grievance that the law was invalidly--even unconstitutionally– applied in the plaintiff's particular case.") (internal quotation marks and citations (omitted)).

The second category of cases barred by *Rooker-Feldman* is those which allege an injury that predates a state-court determination, but present issues inextricably intertwined with the claim asserted in the prior state court proceeding. Adopting Justice Marshall's phrasing in *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring), this circuit has held,

> The federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Peterson Novelties,* 305 F.3d at 391. *See, e.g., Anderson v. Charter Township of Ypsilanti,* 266 F.3d 487, 492-94 (6th Cir.2001) (applying "inextricably intertwined" test to hold *Rooker-Feldman* abstention appropriate).

381 F.3d at 516-517.

In <u>Anderson v. Charter Township of Ypsilanti</u>, 266 F.3d 487 (6th Cir. 2001), plaintiff initially filed suit in state court contesting the denial of his petition for re-zoning. Although his initial state court action was dismissed by the state circuit court, the Michigan Court of Appeals ordered the case reinstated. Upon plaintiff's filing an amended complaint in the state court, the defendant removed the action to the federal district court. The federal district court remanded the state law claims, refusing

to assert pendent jurisdiction and held the federal claims in abeyance. Not being successful in the state court, plaintiff filed a motion in the federal court to lift the stay and have the federal claims decided. The federal district court dismissed plaintiff's claims concluding that it had no jurisdiction under the Rooker-Feldman Doctrine. The Sixth Circuit affirmed the decision of the trial court and, citing Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S.Ct. 1519 (1987), explained:

> In a later case, Justice Marshall succinctly restated the *Rooker/Feldman* doctrine when he reasoned as follows:
> While the question whether a federal constitutional challenge is inextricably intertwined with the merits of a state-court judgment may sometimes be difficult to answer, it is apparent, as a first step, that the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state **\*493** court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.
>
> *Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring); *see also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (dismissing a complaint that a judgment of the Supreme Court of Indiana violated several federal constitutional provisions, because "[t]o do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.").

266 F.3d at 492-493.

See also In Re: Federated Department Stores, 226 B.R. 191, 193; 33 Bankr.Ct.Dec. 345 (S.D.Ohio 1998) (the Rooker-Feldman doctrine precluded consideration by the bankruptcy court of the debtors' action when the state court previously considered the issue and found facts and concluded as a matter of law against the position of debtors.)

In Walters v. Cox, 342 F.Supp.2d 670 (E.D.Mich. 2004) this Court considered similar claims brought by prisoners against Michigan's Attorney General. In April, 2004, defendants had filed a complaint under the SCFRA claiming entitlement to plaintiff's retirement benefits. Plaintiff Walters responded contending that the state circuit court had no jurisdiction and that his retirement benefits were protected by the anti-alienation provisions of ERISA. The circuit court issued an order on July 1, 2004, directing he notify the pension administrator to forward checks to his prison address c/o the warden, although payable to the plaintiff. When plaintiff failed to so notify the pension administrator,

the warden did so. The Court in <u>Walters</u> adopted the Magistrate's Report and Recommendation dismissing plaintiff's complaint on the basis of the Rocker-Feldman Doctrine:

> The *Rooker-Feldman* doctrine finds its roots in the Full Faith and Credit Clause of the Constitution which provides:
>
>> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.  And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
>
> U.S. Const.  Art. IV, § 1. The Full Faith and Credit Clause has been codified by Congress in the full faith and credit statute, 28 U.S.C. § 1738 which reads:
>
>> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
>
> 28 U.S.C. § 1738.  In *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court reaffirmed that "[s]ection 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."
> Federal courts are also required to give full faith and credit to state judgments even where those judgments are challenged under 42 U.S.C. § 1983.  In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court noted that "the legislative history of § 1983 does not in any clear way suggest that Congress intended to repeal or restrict the traditional doctrines of preclusion...." *Allen,* 449 U.S. at 98, 101 S.Ct. 411.  In this case, the state court rendered a decision, although incorrectly, finding that Plaintiff's pension checks could be redirected to his prisoner account.  In accordance with the *Rooker-Feldman* doctrine and 28 U.S.C. § 1738, this Court must respect, albeit reluctantly, the incorrect judgment of the state court.  Plaintiff's proper recourse would have been to appeal that decision in the Michigan courts and if still dissatisfied, appeal to the United States Supreme Court.

342 F.Supp.2d at 675-676. Similarly in <u>Ries v. Murray</u>, 2002 WL 31938722 (E.D.Mich. 2002) (copy attached), the Court, considering the same factual circumstances as in <u>Walters</u>, held that under the Rooker-Feldman Doctrine, it had no jurisdiction to hear plaintiff's claims and that his case must be dismissed:

> Thus, the *Rooker-Feldman* doctrine stands for the "simple ... proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Anderson v. Charter Township of Ypsilanti,* 266 F.3d 487, 492 (6th Cir.2001). The doctrine applies in two situations: (1) a direct attack of the substance of a state court decision and (2) a challenge to the procedures used by the state court to arrive at its decision. *Id.* at 493. The *Rooker-Feldman* doctrine includes cases brought under 42 U.S.C. § 1983 because of the "full faith and credit"

given to state judicial proceedings. *Gottfried v. Med. Planning Servs., Inc.,* 142 F.3d 326, 330 (6th Cir.1998).

As the magistrate judge observed, the plaintiff's complaint consists of a direct attack on the Oscoda County Circuit Court consent order. Although the plaintiff's substantive argument has merit, this Court does not have the authority to grant him the relief he seeks. This Court could not grant that relief without declaring that the state court order was wrongly decided in light of federal law. *See Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment"). Although the issue of ERISA preemption was not raised by the plaintiff in the underlying state action, the plaintiff's claim in this Court for relief is inextricably intertwined with the state court's order requiring the plaintiff to reimburse the State of Michigan for incarceration expenses. Therefore, the Court lacks jurisdiction and the case must be dismissed.

Slip Opinion at page 3.

In summary, Plaintiff failed to appeal from the final order entered in the Circuit Court for Cheboygan County. After suffering an adverse decision on the merits from the Circuit Court, Debtor cannot now proceed with his collateral attack in this Court.

CONCLUSION

Based on the above arguments, Defendant General Motors respectfully seeks a declaration from this Court that it has no liability to Plaintiff by forwarding monthly pension checks payable to Plaintiff Gale to his address at the prison during the period from January 1, 2005, through December, 2006.

Further, Defendant General Motors seeks a declaration that pension benefits held in suspense commencing January 1, 2007 and pension benefits payable in the future should be forwarded to the address designated by Plaintiff Gale, or should continue to be held in suspense at his direction.

Respectfully submitted,

s/ David M. Davis
Attorney for Defendant / Cross and
Counter-Plaintiff General Motors
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0800
E-Mail: dmd@hardylewis.com
P24006

Date: February 13, 2007

- 14 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 13, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Joseph Russel Gale #420395, Boyer Road Correctional Facility, 10274 Boyer Road, Carson City, Michigan 48811, and Kathleen A. Gardiner, Assistant Attorney General, Attorney for Defendant State Treasurer, 3030 West Grand Boulevard, Detroit, Michigan 48202. In addition, Defendant certifies that it also has mailed a copy of the attached pleading to Attorney Joseph Russsel Gale and Kathleen A. Gardiner.

<u>s/ David M. Davis</u>
Attorney for Defendant / Cross and
Counter-Plaintiff General Motors
Hardy, Lewis & Page, P.C.
401 South Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 645-0800
E-Mail: dmd@hardylewis.com
P24006

Dated:  February 13, 2007
00195985.WPD

- 15 -