UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH R. GALE,

      Plaintiff,

                                         CIVIL ACTION NO. 06-15710

vs.                                HONORABLE GERALD E. ROSEN
                                         HONORABLE STEVEN D. PEPE


GENERAL MOTORS and
MICHIGAN STATE TREASURER,

      Defendants,

_____/


## REPORT AND RECOMMENDATION


      Plaintiff, *in pro per*, has filed a 42 U.S.C. §1983 Civil Rights Complaint (Dkt. #1), a

Motion for Declaratory Judgment (alleging claims under the Employee Retirement Income

Security Act ("ERISA"), 29 USC 1000 et seq.)(Dkt. #2), a Request for Preliminary Injunction

(Dkt. #3), a Request For Temporary Restraining Order (Dkt. #7), and a motion for entry of a

default judgement (Dkt. #10).  On January 12, 2007, a motion to dismiss was filed by Defendant

Michigan State Treasurer indicating that Plaintiff's complaint and motions should be dismissed

under Fed. R. Civ. P. 12(b)(6) for lack of jurisdiction (Dkt. #6).  On January 31, 2007, Defendant

General Motors filed its cross-claim and counter-claim (Dkt. #12).  All pre-trial matters were

referred to the undersigned (Dkt. #5).  For the reasons indicated below, it is **RECOMMENDED** that

Defendant Michigan State Treasurer's motion to dismiss be **GRANTED** and that Plaintiff's

complaint be dismissed in its entirety based on this Court's lack of subject matter jurisdiction.

## I.   BACKGROUND FACTS

Plaintiff is a General Motors retiree and receives a monthly pension benefit pursuant to the GM Pension Plan Agreement ("Plan").  He is currently incarcerated in a State of Michigan correctional facility and is subject to the continuing jurisdiction of the Michigan Department of Corrections, having been sentenced to a term of incarceration of from eight to twenty years on July 9, 2002 by the Cheboygan County Circuit Court for one conviction of criminal sexual conduct first degree (person under 13) and one conviction of criminal sexual conduct first degree (relationship).

Pursuant to the State Correctional Facility Reimbursement Act (SCFRA), MCL 800.401 et seq, as amended, the State Treasurer brought an action in state court against Plaintiff to recover the costs involved in his incarceration.[1]  *See, State Treasurer v. Joseph Russell Gale*, Cheboygan Co. Cir. Court, Case No. 03-7186-CZ. Defendant State Treasurer had information and believed that Plaintiff had an asset, as defined by MCL 800.401a(a), in the form of pension benefits paid by General Motors in the approximate amount of $840.00 per month.  On September 5, 2003, Plaintiff was served with Defendant State Treasurer's Summons and Complaint and the state court's Order to Show Cause.  A hearing was held in this matter on

---

[1]  Michigan enacted SCFRA to reimburse the state for the costs of detaining and providing for its prisoners. Under SCFRA, the attorney general may seek reimbursement for expenses incurred during a prisoner's incarceration by filing a complaint against the prisoner in the state trial court. Mich. Comp. Laws § 800.404(1). The court, after considering any legal or moral obligations of the prisoner to support any dependents, may order the prisoner to reimburse the state for the costs of incarceration in an amount up to 90% of the prisoner's assets. Mich. Comp. Laws § 800.403(3). A prisoner's assets include his pension benefits. Mich. Comp. Laws § 800.401a(a).

October 20, 2003.  Plaintiff did not respond to or oppose the State Treasurer's action, appear at the hearing or send a written answer to the Defendant State Treasurer's Complaint.[2]

On October 20, 2003, the state court awarded 90% of Plaintiff's pension to the State of Michigan as partial reimbursement of his cost of care.  Pursuant to § 800.404(3) of the Michigan Compiled Laws, the state court may order any person, corporation, or entity having custody of a prisoner's assets to "appropriate and apply the assets or a portion thereof toward reimbursing the state." But this specific provision of SCFRA is not applicable where, as in the present case, a prisoner's assets are held by a private pension plan.  Application of § 800.404(3) in those cases would violate ERISA's anti-alienation provision, which states that each plan must "provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). Instead, in order to recover a prisoner's benefits held by a private pension plan, the state utilizes SCFRA in conjunction with other Michigan laws and with MDOC's prison directives.

Under SCFRA, the attorney general first pursues a judgment against the prisoner and is awarded a percentage of the prisoner's pension payments. *See* Mich. Comp. Laws §§ 800.403(3), 800.404. The court then orders the prisoner to inform his or her pension plan that any benefit payments should be sent to the institutional address. If the prisoner refuses to comply, as is the case here, the warden of the prisoner's institution must send a copy of the order to the pension plan.  The order serves to notify the pension plan of the prisoner's institutional address. Once payments are received at the prison, they are automatically deposited into the prisoner's institutional account and are then confiscated by the state.

_____

[2] Plaintiff states that he sent the pleading to his attorney, William Briboe, who instructed him "not to worry."  Yet, Plaintiff indicates Mr. Briboe never took any action in the case (Dkt. #1, p. 6).

Plaintiff never appealed from the state court's final order.  Yet, on October 12, 2006,
Plaintiff filed a Motion for Relief from Judgment pursuant to MCR 2.612(C)(1)(e).  Plaintiff's
Motion was denied by the state court on November 9, 2006, on the basis that "(t)he decision in
the *Daimler-Chrysler v. Cox* case is not a reversal of the prior judgment on which this final
judgment is based"[3] (Dkt. #1, p. 24).

In the present action, Plaintiff brings a civil rights action under § 1983 against General
Motors and the Michigan State Treasurer, alleging that Defendants' seizure of his pension
benefits to reimburse the state for his incarceration costs violated the anti-alienation provision of
the Employee Retirement Income Security Act ("ERISA"), and seeks declaratory, injunctive,
compensatory, exemplary, and monetary relief.

## II.   STANDARD OF REVIEW

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure;
Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."
"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the
plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v.
Mylod*, 988 F.2d 635, 638 (6th Cir.1993).  When deciding a motion under that Rule, "[t]he court
must construe the complaint in the light most favorable to the plaintiff, accept all factual
allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in

---

[3] In *DaimlerChrysler Corp. v. Cox*, 447 F.3d 967 (6th Cir. 2006), the Sixth Circuit
disagreed with the Michigan Supreme Court and held that it is a violation of ERISA's anti-
alienation provision to require a pension plan to update a prisoner's address and send his benefits
to an account that is subject to confiscation. *Id.* at 975-976.

support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.1996). "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). *See also, Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

### III.   FACTUAL ANALYSIS

In order to grant Plaintiff the relief that he seeks, this Court would have to alter or amend the order of the Cheboygan County Circuit Court.  Under the Rooker-Feldman doctrine, only the United States Supreme Court has jurisdiction to review a state court decision. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state court] judgment." In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), the Supreme Court further reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." The

doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir.2001).

Federal courts are also required to give full faith and credit to state judgments even where those judgments are challenged under 42 U.S.C. § 1983.[4]  In *Allen v. McCurry*, 449 U.S. 90, (1980), the Supreme Court noted that "the legislative history of § 1983 does not in any clear way suggest that Congress intended to repeal or restrict the traditional doctrines of preclusion." *Id.* at 98.  In this case, the state court rendered a decision, although incorrectly, finding that Plaintiff's pension checks could be redirected to his prisoner account.  In accordance with the Rooker-Feldman doctrine and 28 U.S.C. § 1738, this Court must respect even an incorrect judgment of the state court.  Plaintiff's proper recourse would have been to appeal that decision in the Michigan courts and if still dissatisfied, appeal to the United States Supreme Court.

The only remaining question is whether this Court can hear Plaintiff's ERISA claim, which he apparently did not raise in state court until he filed a Motion for Relief from Judgment pursuant to MCR 2.612(C)(1)(e).  The *Allen* Court did not decide whether the preclusive effect

---

[4] U.S. Const. Art. IV, § 1. The Full Faith and Credit Clause has been codified by Congress in the full faith and credit statute, 28 U.S.C. § 1738  which reads:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

In *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466 (1982), the Supreme Court reaffirmed that "[s]ection 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."

of a state-court judgment does not apply to a federal issue that a § 1983 litigant could have raised but did not raise in his earlier state-court proceedings.  In *Migra v. Warren City School Dist. Bd. Of Edu.*, 465 U.S. 75 (1984), the Supreme Court addressed this specific issue.  There, the petitioner urged the Court to interpret the interplay of § 1738 and § 1983 in such a way as to accord state-court judgments preclusive effect in § 1983 suits only as to issues actually litigated in state court.  The Court rejected petitioner's argument and held that "petitioner's state-court judgment in this [§ 1983] litigation has the same claim preclusive effect in federal court that the judgment would have in the [ ] state courts." *Id.* at 85.  Therefore, under *Migra*, this Court must determine whether Plaintiff's ERISA claim, although not raised in the state court's original proceeding, would have been precluded from judicial review under Michigan's doctrine of *res judicata.*

Generally, the doctrine of *res judicata*, or claim preclusion, bars a subsequent action between the same parties when the evidence or essential facts are identical.  Michigan has adopted a broad application of the doctrine of res judicata , which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Road Commission*, 226 Mich. App. 389, 396 (1997).  Application of the doctrine of res judicata requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies.  *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562 (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the

7

maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188

(1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Mut. Auto.*

*Ins. Co.*, 202 Mich. App. 393, 401 (1993), mod'f on other grounds, *Patterson v. Kleiman*, 447

Mich. 429, 433 n. 3 (1994).

  Applying Michigan's doctrine of *res judicata*, Plaintiff's *ERISA* claim is also barred from

this Court's review for the following reasons.  First, state courts enjoy jurisdiction to decide such

federal ERISA defenses. *Clayton Group Services, Inc. v. First Allmerica Financial Life Ins. Co.*,

166 F.Supp.2d 566, 576 (E.D. Mich. 2001) (citing *Warner v. Ford Motor Co.*, 46 F.3d 531, 535

(6th Cir.1995) (en banc); *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395, 1399

(6th Cir.1995)).  Thus, Judge Pavlich enjoyed jurisdiction to adjudicate Plaintiff's ERISA

defense to the SCFRA.  Second, although Plaintiff's ERISA claim was not actually litigated in

the original state court proceeding, he could have raised this claim in the Michigan Court of

Appeals. As previously noted, the test is not whether the claim raised in the second case was

actually litigated, but rather whether the matter could have been resolved in the first case.

Undisputably, Plaintiff could have raised his ERISA claim before the Michigan Court of

Appeals.  Although *DaimlerChrysler Corp. v. Cox* had not been decided at the time of the

original state court action, there was case law in this District validating Plaintiff's assertion.  *See,*

*Roberts v. Baugh*, 986 F. Supp. 1074 (E.D. Mich. 1997)(holding that the SCFRA provision

allowing the state to redirect prisoner's pension checks to prison account violated ERISA's anti-

alienation provision and was therefore preempted by ERISA).  As such, this Court must respect

as final the state court judgment.

  Accordingly, under the Rooker-Feldman doctrine and Michigan's doctrine of *res*

8

*judicata*, this Court is without jurisdiction to consider Plaintiff's claims. Therefore, Plaintiff's complaint should be dismissed in its entirety based on this Court's lack of subject matter jurisdiction.

## IV. RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that Defendant Michigan State Treasurer's motion to dismiss be **GRANTED** and Plaintiff's claims against all defendants be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of subject matter jurisdiction. Accordingly, **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Declaratory Judgment (Dkt. #2), Plaintiff's Request for Preliminary Injunction (Dkt. #3), Plaintiff's Request For Temporary Restraining Order (Dkt. #7), Plaintiff's motion for entry of a default judgement (Dkt. #10), Defendant General Motors' cross-claim and counter-claim (Dkt. #12), and Defendant General Motors' motion for declaratory judgment (Dkt. #16) should be **DENIED** as moot. Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. §636(b)(1); E.D. Mich. LR 72.1(d). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

9

Dated: February 20, 2007                          STEVEN D. PEPE
Ann Arbor, Michigan                               UNITED STATES MAGISTRATE JUDGE


Certificate of Service


I hereby certify that on February 20, 2007,  I electronically filed the foregoing paper with the
Clerk  Court using the ECF system which will send electronic notification to the following:
David M. Davis, Esq. Kathleen A. Gardiner, Esq., and I hereby certify that I have mailed United
States Postal Service the paper to the following non-ECF participants: Joseph Gale #420395,
Boyer Road Correctional Facility, 10274 Boyer Rd., Carson City, MI 48811


                                                  s/ James P. Peltier
                                                  James P. Peltier
                                                  Courtroom Deputy Clerk
                                                  U.S. District Court
                                                  600 Church St.
                                                  Flint, MI 48502

10